

FILED
RICHARD W. NAGEL
CLERK OF COURT
2015 NOV -6 AM 10: 23
US DISTRICT COURT
SOUTHERN DIST OHIO
WESTERN DIV DAYTON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEAU TOWNSEND FORD LINCOLN, INC. DBA BEAU TOWNSEND FORD 1020 WEST NATIONAL ROAD VANDALIA, OHIO 45377 | : : : : | CASE NO. 3:15 cv 400 JUDGE: THOMAS M. ROSE |
| PLAINTIFF, | : | |
| v. | : | |
| DON HINDS FORD, INC. dba DON HINDS FORD C/O JOHN W. COLGLAZIER 12610 FORD DRIVE FISHERS, INDIANA 46038 | : : : : | VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES |
| DEFENDANT | | |

---

Now comes the Plaintiff, Beau Townsend Ford Lincoln, Inc. dba Beau Townsend Ford, and for its Complaint against the Defendant, Don Hinds Ford, Inc. dba Don Hinds Ford, states as follows:

1

## PARTIES

1. Beau Townsend Ford Lincoln, Inc. dba Beau Townsend Ford ("Beau Townsend Ford" or "Plaintiff") is a Delaware corporation operating as an automobile dealership with its principal place of business located at 1020 West National Road, Vandalia, Ohio 45377.

2. Upon information and belief, Defendant, Don Hinds Ford, Inc. dba Don Hinds Ford ("Don Hinds Ford" or "Defendant"), is a duly organized and existing corporation under the laws of the State of Indiana with its principal place of business located at 12610 Ford Drive, Fishers, Indiana 46038.

## JURISDICTION AND VENUE

3. The matter in controversy exceeds the sum value of $75,000, exclusive of interest and cost and is between citizens of different states such that this Court has diversity jurisdiction under 28 U.S.C. §1332(a).

4. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the Southern Division of Ohio and the Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

5. The Plaintiff, Beau Townsend Ford, is primarily in the business of selling and servicing automobiles and trucks to consumers.

6. Upon belief and information, the Defendant, Don Hinds Ford, is also primarily in the business of selling and servicing automobiles and trucks to consumers.

2

7. On September 25, 2015, Jeff Columbro ("Columbro"), an employee and sales representative of Beau Townsend Ford, contacted Don Colglazier ("Colglazier"), a principal and employee of Don Hinds Ford, with regard to the sale of certain 2016 Ford Explorers that were previously purchased by Beau Townsend Ford from Ford Motor Company. The 2016 Ford Explorers were previously purchased by Beau Townsend Ford for the purpose of a prior sale that was ultimately unsuccessful. A copy of the initial communication between Columbro and Colglazier is attached as "Exhibit A".

8. Subsequently, on September 25, 2015, Columbro and Colglazier exchanged a series of emails regarding the terms upon which Beau Townsend Ford would potentially sell and Don Hinds Ford would potentially purchase some of the 2016 Ford Explorers. Copies of these email communications are attached as "Exhibit B".

9. Late in the afternoon of September 25, Colglazier called Columbro indicating that Don Hinds Ford wished to purchase 20 of the 2016 Ford Explorers (the "20 Ford Explorers"). During the conversation, Colglazier and Columbro agreed and confirmed that Don Hinds Ford would take delivery of the 20 Ford Explorers at Beau Townsend Ford in Vandalia, Ohio and that Don Hinds Ford would pay for the 20 Explorers by check at or near the time of delivery (the "Purchase Monies"). Colglazier subsequently confirmed the agreement by emails. A copy of the email confirmations are attached as "Exhibit C" and "Exhibit D".

10. The total purchase price for the 20 Ford Explorers was $736,225.40 (the "Purchase Price").

11. The Vehicle Identification Numbers for the 20 Ford Explorers are as follows:

```
1FM5K8DHXGGA58144
1FM5K8DHXGGA52344
1FM5K8DH7GGA58148
1FM5K8DH4GGA52341
1FM5K8DH6GGA52342
1FM5K8DH5GGA58147
1FM5K8DH3GGA52346
1FM5K8DH1GGA52345
1FM5K8DH8GGA52343
1FM5K8DH6GGA52339
1FM5K8DH3GGA57482
1FM5K8DH1GGA57481
1FM5K8DH6GGA57461
1FM5K8DH8GGA57476
1FM5K8DH8GGA57459
1FM5K8DH4GGA57460
1FM5K8DH8GGA57462
1FM5K8DH9GGA58149
1FM5K8DH1GGA58145
1FM5K8DH7GGA72048
```

12. Beau Townsend Ford and Don Hinds Ford had previously done approximately 18 "dealer to dealer" vehicle sales.

13. In all of these prior transactions, payment for the vehicles was made by check.

14. The purchase of the 20 Ford Explorers was a "cash" transaction with payment of the Purchase Monies due at or near the time of delivery of the vehicles.

15. On October 5, 2015, Columbro received an email from Colglazier indicating that Don Hinds Ford wanted to begin picking up the Ford Explorers on Wednesday, October 7, 2015. However, trucks from Don Hinds Ford arrived at Beau Townsend Ford at approximately 9:00 a.m. to pick up five of the Ford Explorers. The

4

email exchanges confirming the foregoing are attached hereto as "Exhibit E" and "Exhibit F".

16. The balance of the 20 Ford Explorers were picked up by Don Hinds Ford at Beau Townsend Ford on the afternoon of October 5, 2015, and October 6 and 7, 2015.

17. At the time of delivery, Beau Townsend Ford also released to Don Hinds Ford the Manufacturer's Certificate of Origin (the "MCO's") for the 20 Ford Explorers.

18. Upon belief and information, a "hacker" accessed the email correspondence between Columbro and Colglazier during late September or early October of 2015.

19. Upon belief and information, the "hacker" operated a "man-in-the-middle" scheme such that he was able to intercept and send emails between the email account of Columbro and the email account of Colglazier. As a result, Columbro and Colglazier believed that they were directly corresponding with each other, when, in fact, the "hacker" was controlling their email conversations.

20. Specifically, based upon information received from Don Hinds Ford, Don Hinds Ford received on two occasions "wire instructions" to send the Purchase Monies for the 20 Ford Explorers by wire transfer to Bank of America in Missouri City, Texas for the benefit of "KB KEY LOGISTICS, L.L.C. d.b.a. BEAU TOWNSEND FORD," contrary to the parties' prior agreement that payment of the Purchase Monies should be made by check. The wiring instructions further stated "[p]lease follow the Standard Settlement Instructions below to remit payment to Beau Townsend Inc. [sic] and its subsidiaries." A

copy of an email from Don Hinds Ford to Beau Townsend Ford that contains the "wire instructions" that Don Hinds Ford previously received is attached hereto as "Exhibit G."

21. Upon belief and information, Don Hinds Ford did wire the amount of $250,000 on October 5, 2015, the amount of $250,000 on October 6, 2015 and the amount of $236,225.40 for a total of $736,225.40 to a Bank of America account in Missouri City, Texas; however, this account was not a Beau Townsend Ford account.

22. Don Hinds Ford had more of an opportunity and was in a better position than Beau Townsend Ford to discover any fraudulent actions on the part of the "hacker" based upon the deviation from the parties' agreement, the erroneous and inconsistent information contained in the "wire instruction" and the parties' prior dealings.

23. The inventory of vehicles at Beau Townsend Ford is financed by Ford Motor Credit Company LLC ("Ford Credit") pursuant to a "Floor Plan" agreement which gave Ford Credit a security interest in the assets of Beau Townsend Ford, including its inventory and the 20 Ford Explorers.

24. Ford Credit has a first priority perfected security interest in the 20 Ford Explorers.

25. Because Don Hinds Ford has not paid Beau Townsend Ford for the 20 Ford Explorers, and correspondingly Beau Townsend Ford did not pay Ford Credit for the 20 Ford Explorers, Ford Credit gave notice to Beau Townsend Ford on October 21, 2015 that it was in default of the Floor Plan. A copy of the Notice of Default is attached hereto as "Exhibit H."

26. As a result of the foregoing default, Beau Townsend Ford has been forced to pay Ford Credit the amount of $698,450.20 until such time as Beau Townsend Ford recovers its inventory, i.e., the 20 Ford Explorers.

27. Because the 20 Ford Explorers were not sold in the ordinary course of business, Ford Credit maintains a first priority perfected security interest in those vehicles.

28. On October 17, 2015, Jamie Spencer, the general manager of Beau Townsend Ford, demanded that Don Hinds Ford return the 20 Ford Explorers to Beau Townsend Ford immediately. A copy of Beau Townsend Ford's October 17, 2015 demand is attached hereto as "Exhibit I."

29. On October 21, 2015, Don Hinds Ford emailed Jamie Spencer indicating that Beau Townsend Ford had no valid claim to the 20 Ford Explorers, that Don Hinds Ford was a "good faith purchaser for value" and that it had no further "liability" to Beau Townsend Ford. A copy of the October 21, 2015 correspondence from Don Hinds Ford is attached as "Exhibit J."

30. Beau Townsend Ford has not received payment of the Purchase Monies from Don Hinds Ford for the 20 Ford Explorers.

31. Don Hinds Ford has not paid the Purchase Monies to Beau Townsend Ford.

### FIRST CLAIM FOR RELIEF
(Breach of Contract/Reclaimation)

32. The Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

33. On or about, September 29, 2015, the Plaintiff, Beau Townsend Ford, and the Defendant, Don Hinds Ford, entered into an agreement whereby Beau Townsend Ford would sell and Don Hinds Ford would purchase the 20 Ford Explorers for a Purchase Price of $736,225.40.

34. Pursuant to the parties' agreement, the 20 Ford Explorers were to be picked up by Don Hinds Ford at Beau Townsend Ford in Vandalia, Ohio, and payment of the Purchase Price was to be made at or near the time of delivery by check.

35. By virtue of picking up the 20 Ford Explorers, Don Hinds Ford has taken delivery of those vehicles.

36. Don Hinds Ford has failed to deliver the Purchase Monies to Beau Townsend Ford.

37. Beau Townsend Ford has failed to receive the Purchase Monies from Don Hinds Ford.

38. Upon belief and information, Don Hinds Ford is still in possession of the 20 Ford Explorers.

39. The parties' agreement for the sale and purchase of the 20 Ford Explorers was a "cash deal" whereby payment of the Purchase Monies was due at or near the time of delivery.

40. Pursuant to Ohio Rev. Code §1302.51, the right of Don Hinds Ford to retain or dispose of the 20 Ford Explorers is conditioned upon Don Hinds Ford making the payment of the Purchase Monies to Beau Townsend Ford.

41. Inasmuch as Don Hinds Ford has failed to pay the Purchase Monies to Beau Townsend Ford, Don Hinds Ford is in breach of the parties' agreement and Beau Townsend Ford has the right to reclaim the vehicles from Don Hinds Ford.

42. Beau Townsend Ford is entitled to an order from this Court requiring Don Hinds Ford to return the 20 Ford Explorers and the respective MCO's for those vehicles.

43. Beau Townsend Ford is also entitled to temporary, preliminary and permanent injunctive relief granting Beau Townsend Ford possession and ownership of the 20 Ford Explorers and their respective MCO's.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract/Damages)

44. The Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

45. On or about, September 29, 2015, the Plaintiff, Beau Townsend Ford, and the Defendant, Don Hinds Ford, entered into an agreement whereby Beau Townsend Ford would sell and Don Hinds Ford would purchase the 20 Ford Explorers for a Purchase Price of $736,225.40.

46. Pursuant to the parties' agreement, the 20 Ford Explorers were to be picked up by Don Hinds Ford at Beau Townsend Ford in Vandalia, Ohio, and payment of the Purchase Monies was to be made at or near the time of delivery by check.

47. By virtue of picking up the 20 Ford Explorers, Don Hinds Ford has taken delivery of those vehicles.

48. Don Hinds Ford has failed to deliver the Purchase Monies to Beau Townsend Ford.

9

49. Beau Townsend Ford has failed to receive the Purchase Monies from Don Hinds Ford.

50. Upon belief and information, Don Hinds Ford is still in possession of the 20 Ford Explorers.

51. The Parties' agreement for the sale and purchase of the 20 Ford Explorers was a "cash deal" whereby payment of the Purchase Monies was due at or near the time of delivery.

52. Inasmuch as Don Hinds Ford has failed to pay the Purchase Monies to Beau Townsend Ford, Don Hinds Ford is in breach of the parties' agreement.

53. As a proximate result of Don Hinds Ford's breach of the parties' agreement, Beau Townsend Ford has been damaged in the amount of $736,225.40, and other consequential damages.

### THIRD CLAIM FOR RELIEF
(Conversion)

54. The Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

55. Beau Townsend Ford is the rightful, legal and/or equitable owner of the 20 Ford Explorers.

56. Beau Townsend Ford has demanded the return of the 20 Ford Explorers; however, Don Hinds Ford has failed to return the 20 Ford Explorers or their respective MCO's to Beau Townsend Ford.

57. Don Hinds Ford has wrongfully deprived Beau Townsend Ford of the possession and ownership of the 20 Ford Explorers.

58. As a proximate result of the conversion of the 20 Ford Explorers, Beau Townsend Ford has been damaged in the amount of $736,225.40.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment, Constructive Trust and Disgorgement)

59. The Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

60. Don Hinds Ford has failed to pay Beau Townsend Ford the Purchase Monies for the 20 Ford Explorer vehicles.

61. Beau Townsend Ford has failed to receive the Purchase Monies for the 20 Ford Explorers from Don Hinds Ford.

62. Upon belief and information, Don Hinds Ford retains possession of the 20 Ford Explorers.

63. As a result of the foregoing actions and inactions of Don Hinds Ford, Don Hinds Ford has been unjustly enriched.

64. Don Hinds Ford should not be permitted to profit unjustly at the expense of or to the exclusion of Beau Townsend Ford, and Don Hinds Ford should not be allowed to retain whatever assets, profits and/or benefits that have been associated with or resulted from its foregoing actions and inactions.

65. The 20 Ford Explorers and any monies received by Don Hinds Ford from the disposition of any of the 20 Ford Explorers, should be determined by the Court to be held in constructive trust for the benefit of Beau Townsend Ford.

66. Don Hinds Ford should be required to disgorge to Beau Townsend Ford any and all of the 20 Ford Explorers and all monies received by Don Hinds Ford from the disposition of any of the 20 Ford Explorers.

**WHEREFORE**, Beau Townsend Ford prays for judgment in its favor and against Don Hinds, including:

1) an order that Beau Townsend Ford be permitted to reclaim the 20 Ford Explorers and their respective MCO's and that Don Hinds Ford be required to deliver and release to Beau Townsend Ford the 20 Ford Explorers and their respective MCO's;

2) alternatively a judgment awarding damages to Beau Townsend Ford and against Don Hinds Ford in the amount of $736,225.40 based upon Don Hinds Ford's breach of contract and conversion of the 20 Ford Explorers;

3) an order declaring the 20 Ford Explorers in the possession of Don Hinds Ford and any monies received by Don Hinds Ford based upon its disposition of any of the 20 Ford Explorers to be held in constructive trust for the benefit of Beau Townsend Ford and ordering Don Hinds Ford to disgorge to Beau Townsend Ford the 20 Ford Explorers and any monies received from the disposition of any of the 20 Ford Explorers by Don Hinds Ford;

4) a judgment awarding Beau Townsend Ford any other compensatory, consequential, or punitive damages, as well as prejudgment and post judgment interest, in amounts to be determined at trial;

5) an order granting injunctive relief such that Don Hinds Ford is precluded from disposing of the 20 Ford Explorers, interfering in any way with Beau Townsend Ford's rights in the 20 Ford Explorers, or from disposing of any monies received by Don Hinds Ford from the disposition of any of the 20 Ford Explorers, and affirmative injunctive relief requiring Don Hinds Ford to return to Beau Townsend Ford the 20 Ford Explorers and their respective MCO's; and

6) awarding Beau Townsend Ford the cost, expenses, and attorneys' fees incurred in prosecuting this action.

Respectfully submitted,

James M. Hill (0030633)
**JAMES M. HILL CO., L.P.A.**
2365 Lakeview Drive, Suite A
Beavercreek, OH 45431-3639
Tel: (937) 427-2000
Fax: (937) 320-5393
E-Mail: kchapman@jmhilllaw.com
Attorney for Plaintiff

## VERIFICATION

I, Jamie Spencer, General Manager for Beau Townsend Ford Lincoln, Inc., verify under penalties of perjury that I am a duly authorized representative of Beau Townsend Ford Lincoln, Inc., that I am personally aware of the facts regarding this matter, and that the facts set forth in the foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief.

_____
Jamie Spencer
General Manager
Beau Townsend Ford Lincoln, Inc.

Sworn to before me and subscribed in my presence by JAMIE SPENCER, this 5 day of November, 2015.

KIM K. INGLE
Notary Public, State of Ohio
My Comm. Expires March 16, 2017

Notary Public

13