**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **BEAU TOWNSEND FORD LINCOLN INC., d/b/a BEAU TOWNSEND FORD,** | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CASE NO. 3:15-cv-400** |
| **DON HINDS FORD, INC. d/b/a DON HINDS FORD,** | § § § | **District Judge Thomas M. Rose Magistrate Judge Michael J. Newman** |
| *Defendant.* | § § | |

_____

**STIPULATED PROTECTIVE ORDER**
_____

It is hereby stipulated by and among Plaintiff, Beau Townsend Ford Lincoln, Inc. ("Plaintiff"), and Defendants, Don Hinds Ford, Inc., ("Defendants"), and their undersigned counsel pursuant to FED. R. CIV. P. 26(C), that the Court enter a Protective Order in the following form.

Accordingly, it is hereby ordered that:

1.  **Right to Designate Information as Confidential.** Counsel of record for any party may designate any information (including documents) produced by the represented party as "Confidential."

2.  **Definitions.** Counsel of record may designate as "Confidential" any such information as the party in good faith deems confidential on the basis that such information is non-public, private, proprietary, and/or contains other sensitive information.

3.  **Scope of Confidential Information.** As used herein, the term "Confidential Information" shall include information designated as "Confidential" by a party in writing, or orally if recorded as part of a deposition or court proceeding, and information which is, or can be, derived therefrom. Confidential Information shall include all such designated information, whether disclosed during interviews, depositions, court proceedings, settlement discussions, in production of tangible evidence, testimony or other discovery response, objection to discovery, or otherwise.

4. **Identification of Confidential Information.** Each party shall designate to the other parties which materials are considered Confidential Information by placing on, or affixing to, each such document the words "Confidential" in bold or uppercase letters or by otherwise notifying all parties in any reasonable manner, together with the name or abbreviation of the name of the producing party. In the case of an interrogatory answer, deposition testimony, testimony in a court proceeding, admission or other discovery response, such words shall be placed or affixed immediately preceding that portion thereof as contains such Confidential Information. To designate Confidential Information consisting of multi-page documents bound together by staples or other binding, only the first page need be stamped or marked "Confidential" provided, however, that each page of the multi-page document is page numbered and that if a multi-page document contains both allegedly confidential and non-confidential information, then the designating party shall indicate which portions contain Confidential Information.

5. **Protection of Confidentiality.** Confidential Information and any notes, summaries, digests, memoranda, exhibits, or other documents which include or describe Confidential Information, shall be retained by outside litigation counsel for the party to whom disclosure thereof was made and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure thereof.

6. **Access to Confidential Information.** Anyone receiving information designated as "Confidential" under this Protective Order is to be governed by the following restrictions in the use of the Confidential Information produced hereunder and information derived therefrom:

    A.    Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case.

    B.    The following may have access to information designated as "Confidential":

        (i)    The parties in this proceeding, employees, and independent contractors of the parties, including in-house counsel, to the extent reasonably necessary for preparation for discovery, trial, and appeal of this action;

        (ii)    Persons retained or consulted by the parties' counsel as independent expert consultants or witnesses;

        (iii)    Counsel representing the parties and their paralegal and

clerical assistants;

(iv)    The Court and any of its staff and administrative personnel;

(v)    Any person counsel reasonably believes has previously seen the confidential information, including any persons identified in the confidential information as authors of or recipients of the confidential information

C.    Before disclosure of Confidential Information to any person as permitted by the preceding paragraphs other than the Court and its employees, outside counsel, and regular employees of outside counsel, such person shall read a copy of this Stipulation and sign a confidentiality agreement in the form attached hereto as Appendix A. Each party's counsel shall maintain a copy of all Confidentiality Agreements signed by such persons and shall furnish copies thereof to opposing counsel upon request. No Confidential Information shall be disclosed to any person who refuses or has failed to sign a Confidentiality Agreement. In the event any person who has signed a Confidentiality Agreement refuses to comply therewith, or to knowledge of counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the party which produced the Confidential Information.

7.    **Continuing Duty.** All persons who have seen any Confidential Information shall remain under a continuing duty not to reveal any of that Confidential Information to any person or entity who is not qualified to receive it pursuant to Paragraph 6 herein, and may not use such information except in connection with litigation by or among the parties hereto or in any other litigation involving any of the parties hereto. If a person or party plans to use Confidential Information in litigation that does not involve the party who produced the Confidential Information, that person or party shall immediately notify in writing counsel for the party who produced the Confidential Information. The party who produced the Confidential Information shall have fourteen days from the date of the receipt of notice to object to the use of the Confidential Information during which time the Confidential Information shall not be used. If there is an objection, the Confidential Information shall not be used until the objection has been resolved either by this Court or through the agreement of the people or parties involved.

8.    **Enforcement.** Any party seeking enforcement of this Order against any other party or any person may petition the Court by properly noticed motion, including a concise statement of the specific relief sought.

9.    **Limitation on Copying.** Confidential Information may be copied, and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be confidential, shall be appropriately marked, and shall be subject to the provisions of this Stipulation.

10.    **Deposition.** At any deposition or portion thereof in which Confidential

Information will—either by agreement of the parties or as otherwise permitted herein—be disclosed, each party may require the reporter to read and sign a Confidentiality Agreement if he or she has not already done so. Persons in attendance at deposition may be excluded pursuant to the terms of Paragraph 6 herein. Upon request of any party, deposition testimony shall be designated "Confidential" by the court reporter transcribing the deposition. The testimony to be so designated shall be transcribed separately, and the fact of such transcript and on every copy shall be stamped or marked "Confidential" by the court reporter; provided, however, that if a deposition contains both allegedly confidential and non-confidential information then only the confidential portion thereof shall be so designated.

Deposition transcripts shall be treated as confidential for a period of twenty (20) days following the transcription of the deposition. Within twenty (20) days counsel for the parties shall designate those portions of the deposition to be treated "Confidential."

11.    **Confidential Information Filed With the Court.** Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with all applicable provision s of the Southern District of Ohio Local Rules.   This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

All portions of the pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall, if leave is so granted, be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PURSUANT TO STIPULATION OF THE PARTIES AND ORDER OF THE COURT" and a statement substantially in the following form:

| **Confidential:** |
| :--- |
| This envelope contains information which has been designated as Confidential and is not to be opened and its contents are not be disclosed to any person other than the Court or its Clerks except by Order of the Court, or upon the stipulation of the parties. |

Service of any such pleading or memorandum shall be perfected in a like manner. Any party failing through inadvertence to designate discovery material as confidential Information shall take prompt corrective action by supplemental written notice to any and all recipients.

12.    **Disputes as to Confidentiality.** No party concedes that any material designated by any other person as Confidential Information does in fact constitute Confidential Information or has been properly designated as Confidential Information. A party may contest the designation of any information designated as "Confidential" at any time after the information is designated "Confidential." If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt

to resolve any challenge in good faith on an expedited and informal basis. A failure to challenge the designation shall not constitute agreement that it is valid. If a party objects in writing to another party's designation of Confidential Information, and the parties are unable to resolve the dispute within fourteen days after receipt of that writing, then the party objecting to the designation of the information as confidential shall immediately seek Court intervention, but the burden of proof to prove the information is confidential shall remain on the party claiming confidentiality. The information shall be treated as properly designated until the motion is determined.

13. **Legal Process.** In the event a recipient of Confidential Information produced in connection with this action receives any subpoena, other legal process, or request directed at compelling the production of Confidential Information, that recipient shall immediately notify the party that designated that information Confidential, so as to afford the producing party ample opportunity to contest that subpoena, legal process, or request.

14. **Amendment.** This Protective Order may be amended only by the written agreement of counsel for the parties, in the form of a stipulation subject to approval by the Court, or upon duly noticed motion seeking relief from or modification of this Order from the Court.

15. **Oral Argument, Trial and Post-Trial.** This Stipulation shall apply to any oral arguments before the Court or trier of fact in this case, although any party may file a motion with respect thereto. It shall apply post-trial to any designated information not in the public record.

16. **Disposition on Termination of Action.** Within 60 days of the entry of an Order finally terminating one or both of these actions, including all appeals, and unless the parties agree otherwise, each party to the terminated action or actions shall assemble and turn over to counsel for the designating party, or destroy or discard, all materials, documents, summaries, digests and abstracts containing Confidential Information and all copies thereof; provided, however, that counsel of record may retain one set of pleadings, documents filed with the Court, depositions and discovery responses, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Stipulation. Counsel for the party on whose behalf such Confidential Information was received shall immediately certify that it has completed the return, destruction or discarding of all Confidential Information in writing to the counsel for the party who produced the Confidential Information.

17. **Disclosure Lists.** All counsel shall maintain a list of the names of all persons to whom the Confidential Information is disclosed and such lists shall be available to the counsel who produced the Confidential Information at the conclusion of this litigation.

18. **Ruling on Relevance, Admissibility or Authenticity.** Nothing in this Order shall be construed as a ruling concerning the relevance, admissibility or authenticity of any document or Confidential Information. Moreover, nothing in this

Order shall restrict any party's right to assert objections to discovery requests on the grounds of privilege, work product protection, or any other statutory or common law exemption to discovery or disclosure.

19. **Execution.** This document may be executed in multiple parts by facsimile and all signature pages together shall constitute one original.

**IT IS SO ORDERED.**

Date: July 12, 2016                          *s/ Michael J. Newman*
                                             Michael J. Newman
                                             United States Magistrate Judge


/s/ James M. Hill
James M. Hill (0030633)
JAMES M. HILL CO., L.P.A.
2365 Lakeview Drive, Suite A
Beavercreek, OH 45431-3639
Tel: (937) 427-2000
Fax: (937) 320-5393
kchapman@jmhilllaw.com

Attorney for Plaintiff, Beau Townsend Ford Lincoln, Inc.



/s/ Brian S. Jones (Per Electronic Authorization 07/01/2016)
Brian S. Jones (*pro hac vice*)
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Tel: (317) 684-5000
Fax: (317) 684-5173
b.jones@boselaw.com

Attorney for Defendant, Don Hinds Ford, Inc.